**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| Jeffrey Cox, | ) | Civil Action No. 1:13-cv-02893-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Willhite Seed, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court pursuant to Plaintiff Jeffrey Cox's ("Plaintiff") Motion to Remand the case to the Barnwell County (South Carolina) Court of Common Pleas. (ECF No. 62.) Defendant Willhite Seed, Inc. ("Defendant"), opposes Plaintiff's Motion to Remand and asks the court to retain jurisdiction. (ECF No. 69.) For the reasons set forth below, the court **GRANTS** Plaintiff's Motion to Remand.

### I. RELEVANT BACKGROUND OF PENDING MOTION

Plaintiff alleges that he suffered substantial damages in the spring of 2010, when Defendant sold him "Big Crimson" watermelon seeds that "did not produce commercially acceptable watermelons; that the watermelons produced from this seed were rotten and did not meet the demands and expectations of the Plaintiff's customers who expected Big Crimson watermelons." (ECF No. 1-1 at 4 ¶ 5, 5 ¶ 7.) On September 27, 2013, Plaintiff filed an action for damages against Defendant in the Court of Common Pleas of Barnwell County, South Carolina, alleging claims for breach of warranty, negligence, strict liability, violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. §§ 39-5-10 to 560 (2013), and

violation of South Carolina seed certification laws.[1]  (ECF No. 1-1 at 4–7.)  For jurisdictional purposes, Plaintiff alleged that he is a citizen of the State of South Carolina; and Defendant is a corporation organized under the laws of a state other than the State of South Carolina.[2]  (ECF No. 1-1 at 4 ¶¶ 1, 2.)  Plaintiff did not specify an amount of damages in the Complaint, but prayed "for an award of actual and punitive damages, cost and attorney's fees."  (Id. at 7.)

On October 17, 2014, Defendant filed an Amended Notice of Removal asserting that the court possessed jurisdiction over the matter "because complete diversity of citizenship exists between the Plaintiffs and the Defendant[] and the amount in the controversy exceeds the jurisdictional amount required by 28 U.S.C. § 1332."[3]  (ECF No. 61 at 2 ¶ 7.)  Thereafter, on October 20, 2014, Plaintiff moved the court to remand the matter to state court on the basis "that the amount in controversy in this matter does not exceed $75,000.00, and Plaintiff so stipulates that the sum is not met, and . . . this matter . . . does not meet the jurisdictional requirement."  (ECF No. 62.)  On November 6, 2014, Defendant filed opposition to Plaintiff's Motion to Remand, to which Plaintiff filed a Reply in Support of the Motion to Remand on November 17, 2014.  (ECF Nos. 69, 70.)

---

[1] Plaintiff also sued the South Carolina Department of Agriculture ("SCDA") and the South Carolina Seed Arbitration Committee ("SCSAC").  In addition to the causes of action above-mentioned, Plaintiff alleged a claim solely against the SCDA and SCSAC for violation of his Due Process Rights under the Fourteenth Amendment to the United States Constitution.  (See ECF No. 1-1 at 6 ¶ 21.)  The court granted the Motion for Summary Judgment of SCDA and SCSAC on September 22, 2014, and dismissed these two defendants and the claims against them from the matter.  (ECF No. 47.)

[2] Plaintiff did not specify a state of incorporation for Defendant in the Complaint.  (See ECF No. 1-1 at 4 ¶ 2.)  In its Answer, Defendant denied that it was incorporated in the State of South Carolina.  (ECF No. 6 at 1 ¶ 4.)

[3] SCDA and SCSAC originally removed the action to this court on October 22, 2013, based on federal question jurisdiction.  (See ECF No. 1 at 2 ¶ 7.)

## II. LEGAL STANDARD AND ANALYSIS

A.  <u>Removing Actions from State Court by way of Diversity Jurisdiction</u>

Federal courts are courts of limited jurisdiction.  A defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter.  28 U.S.C. § 1441(a).  A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States; . . . ."  28 U.S.C. § 1332(a).  In cases in which the district court's jurisdiction is based on diversity of citizenship, the party invoking federal jurisdiction has the burden of proving the jurisdictional requirements for diversity jurisdiction.  See <u>Strawn v. AT & T Mobility LLC</u>, 530 F.3d 293, 298 (4th Cir. 2008) (holding that in removing case based on diversity jurisdiction, party invoking federal jurisdiction must allege same in notice of removal and, when challenged, demonstrate basis for jurisdiction).  Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court.  See <u>Auto Ins. Agency, Inc. v. Interstate Agency, Inc.</u>, 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted).

Section 1332 requires complete diversity between all parties.  <u>Strawbridge v. Curtiss</u>, 7 U.S. 267, 267 (1806).  Complete diversity requires that "no party shares common citizenship with any party on the other side."  <u>Mayes v. Rapoport</u>, 198 F.3d 457, 461 (4th Cir. 1999).

In determining the amount in controversy for federal diversity jurisdiction, the court must examine the complaint at the time of removal.  <u>Thompson v. Victoria Fire & Casualty Co.</u>, 32 F. Supp. 2d 847, 848 (D.S.C. 1999) (citing <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 292 (1938)).  "Additionally, this court has made clear that, ordinarily, the sum claimed by a plaintiff in her complaint determines the jurisdictional amount, and a plaintiff may plead less

than the jurisdictional amount to avoid federal jurisdiction." Phillips v. Whirlpool Corp., 351 F. Supp. 2d 458, 461 (D.S.C. 2005) (citing, e.g., St. Paul Mercury Indem. Co., 303 U.S. at 294 ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.")) (internal citations omitted).

B.     The Court's Review

Plaintiff moves to remand this matter to state court on the basis that the amount in controversy does not exceed $75,000.00. (ECF No. 62.) Defendant opposes Plaintiff's Motion to Remand arguing that this case is appropriately in federal court based on diversity jurisdiction. Defendant cites to St. Paul Mercury Indem. Co. and other cases to support its position that Plaintiff cannot divest the court of jurisdiction by amending the amount sought below the jurisdictional requirement. (ECF No. 69 at 2–5.)   Plaintiff attached to his Reply a stipulation as to damages, wherein his attorney expressly states that (1) the entire amount of damages being sought does not exceed $75,000.00 and (2) Plaintiff will not seek to recover any verdict exceeding the sum of $74,999.00. (ECF No. 70-1 at 1 ¶ 3, 2 ¶ 4.)

Upon review, the court notes that Plaintiff did not specify an amount of damages in his complaint. (See ECF No. 1-1 at 7.) Therefore, the court interprets Plaintiff's Stipulation as to Damages as a clarification of the amount of damages he is seeking. See, e.g., Carter v. Bridgestone Americas, Inc., C/A No. 2:13-CV-00287-PMD, 2013 WL 3946233, at *3 (D.S.C. July 31, 2013) ("Defendant concedes that 'Plaintiff does not specify an amount of damages in her Complaint.' (Internal citation omitted.) The Court interprets Plaintiff's statements in her notarized affidavit as to the amount in controversy as a stipulation, clarifying that the total amount of damages sought by her Complaint is not more than $60,000.000."); Tommie v. Orkin,

Inc., C/A No. 8:09-1225-HMH, 2009 WL 2148101, at *2 (D.S.C. July 15, 2009) ("The complaint requests an unspecified amount of damages.  The court interprets Tommie's statement in the motion as to the amount in controversy as a stipulation that she cannot recover a total amount of actual and punitive damages exceeding the sum of $75,000.00, exclusive of interest and costs."); Ferguson v. Wal-Mart Stores, Inc., No. 94-2696, 1994 WL 653479, at *2 (D.S.C. Nov. 15, 1994) (remanding case when the plaintiff alleged an unspecified amount of damages and clarified the amount of damages sought was below the jurisdictional amount by filing a post-removal stipulation); Gwyn v. Wal-Mart Stores, Inc., 955 F. Supp. 44, 46 (M.D.N.C.1997) ("A post-removal stipulation or amendment of the complaint to allege damages below the jurisdictional amount will not destroy federal jurisdiction once it has attached.  However, when facing indeterminate claims, . . . the court may consider a stipulation filed by the plaintiff that the claim does not exceed" the jurisdictional amount.) (Internal citation and quotation marks omitted).  Therefore, based on the aforementioned interpretation, the court finds that the cases cited by Defendant are not controlling in this case.  Accordingly, the court accepts Plaintiff's Stipulation as to Damages that the total amount of damages he is seeking is less than $75,000.00 and remands the matter to state court because the jurisdictional threshold for diversity jurisdiction does not exist in this case.

### III.    CONCLUSION

For the foregoing reasons, the court hereby **GRANTS** the Motion to Remand of Plaintiff Jeffrey Cox and **REMANDS** this action to the Court of Common Pleas of Barnwell County, South Carolina for further proceedings.  (ECF No. 62.)  The remaining pending motions on the court's docket filed by Defendant for summary judgment and in limine will be properly considered by the Barnwell County (South Carolina) Court of Common Pleas.  (See ECF Nos.

26, 54, 55.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

December 4, 2014
Columbia, South Carolina